IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOMINIC RICKETT, # 23439-045,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-1011-NJR |
| | ) |
| **T.G. WERLICH,** | ) |
| | ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Dominic Rickett, an inmate in the Bureau of Prisons currently incarcerated at FCI-Greenville, filed this action in September 2019. His Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 10) is now before the Court. Rickett invokes *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), as the basis for his collateral attack and request for immediate release. Respondent answered the Petition (Doc. 13), and Rickett replied (Doc. 18).

Rickett pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) in the Western District of Missouri, Case No. 11-cr-181-DW-1 ("criminal case") and is serving a 120-month sentence. (Doc. 13, p. 1, Doc. 13-1; Docs. 41, 57 in criminal case).

### RELEVANT FACTS AND PROCEDURAL HISTORY

In August 2011, Rickett was indicted for unlawfully possessing ammunition as a felon based on a January 2011 arrest where a firearm magazine containing 9mm ammunition was found on his person. (Doc. 13, p. 2; Doc. 13-2). The indictment did not specifically allege that Rickett knew he was a convicted felon at the time he possessed the ammunition. Rickett entered an open plea of guilty on March 15, 2012, and was advised that under Section 924(e), he faced a sentence of 15 years to life if the court determined he was an armed career criminal. (Doc. 13-3, pp. 3-4).

1

Rickett admitted on the record that he had more than one prior state felony conviction at the time he possessed the ammunition. *Id.* at 9-10.

The Presentence Investigation Report (PSR) found that Rickett had been convicted of six felonies before his federal possession offense. (Doc. 13, p. 4; Doc. 14-1, pp. 8-11). He had received a 3-year suspended sentence for each conviction, and spent only 60 days in custody. (Doc. 13, p. 4). In September 2012, Rickett was sentenced to 180 months on the instant offense. He appealed, arguing that two of his prior burglary convictions should not be counted as separate crimes for sentence enhancement purposes, but the Eighth Circuit affirmed his sentence. *United States v. Rickett*, 516 F. App'x 606 (8th Cir. 2013).

Rickett's first motion under 28 U.S.C. § 2255 was unsuccessful. (Case No. 14-cv-650-DW (W.D. Mo.)). However, he was permitted to file a successive Section 2255 motion raising *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), which resulted in the district court vacating the 180-month sentence and resentencing him to 120 months. (Doc. 13, p. 5; Docs. 50, 57 in criminal case).

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction

and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." [1]

Following *Davenport* and its progeny, the Seventh Circuit has enunciated a three-part test

---

[1] The Seventh Circuit's interpretation of § 2255(e)'s savings clause is in line with a majority of the Circuit Courts of Appeals' jurisprudence on this issue, and aligns with that of the Eighth Circuit where Rickett was convicted. *See, e.g.*, *Abdullah v. Hedrick*, 392 F.3d 957, 960-63 (8th Cir. 2004); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003); *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003); *see also Wright v. Spaulding*, 939 F.3d 695, 699 (6th Cir. 2019) (collecting cases).

for determining whether Section 2255 is inadequate or ineffective, thus triggering the savings clause:

> (1): the federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> (2): the statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and
>
> (3): a failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Thus, "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

On June 21, 2019, the Supreme Court held in *Rehaif*:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated nationwide precedent

4

in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction.

In Rickett's view, his "criminal liability … remains unresolved" in light of *Rehaif*. (Doc. 10, p. 2). This, of course, is incorrect – Rickett's conviction still stands unless and until a court rules otherwise. The *Rehaif* decision itself did not undo his conviction or render his criminal liability "unresolved." Rickett states he does not seek to have his conviction or sentence vacated, but appears to assert that his indictment failed to state an offense because it did not include the element that he knew he "belonged to the relevant status, that barred him from possessing a firearm," thus his custody is unlawful. *Id.* In addition to Section 2241, he invokes several sections of the Code of Federal Regulations which he believes authorizes him to seek remedies against the United States Department of Justice and other federal officials including immediate release. (Doc. 10, pp. 1-3). Rickett also argues for the first time in his Reply that a defendant's knowledge of his felon status must be proven with ATF Form 4473 or Form 6, and this was not done in his case. (Doc. 18, pp. 1-8).

This Court already informed Rickett that his claim will be evaluated under 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255(e), and that it does in fact amount to a challenge to his conviction regardless of how he describes this action. (Doc. 12, p. 2). Respondent concedes that Rickett's *Rehaif* claim satisfies the first and second prongs of the savings clause test – *Rehaif* is a statutory interpretation case, and it sets forth a new substantive rule narrowing the scope of Section 922(g), which applies retroactively. (Doc. 13, pp. 17-18). Further, this new substantive rule was previously unavailable to Rickett because it would have been futile to raise his claim in the Eighth Circuit under pre-*Rehaif* precedent. *Id.* However, Respondent asserts Rickett cannot meet the third *Davenport* factor – a showing that an error in his conviction amounts to a

miscarriage of justice – because he was not convicted of a crime of which he was innocent. (Doc. 13, pp. 19-25).[2]

It is true that Rickett's indictment did not allege that he knew he was a convicted felon at the time he possessed the ammunition. This was consistent with the pre-*Rehaif* controlling precedent at the time in the Eighth Circuit. *See United States v. Thomas*, 615 F.3d 95, 899 (8th Cir. 2010) (government was not required to prove that Section 922(g) defendant knew of his disabling status); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999) (same). Cases following the *Rehaif* decision make clear, however, that this Court can and should consider other evidence in the record to determine whether it establishes the knowledge element set forth in *Rehaif*. *See, e.g., United States v. Maez*, 960 F.3d 949 (7th Cir. 2020); *United States v. Williams*, 946 F.3d 968, 973-74 (7th Cir. 2020). *See also Bousley v. United States*, 523 U.S. 614 (1998).

In Rickett's case, the record contains ample evidence to establish that he knew he had previously been convicted of felony offenses when he pled guilty to the felon-in-possession charge. During his change of plea hearing when the court questioned Rickett about the factual basis for the offense, he admitted that when he was searched and found to have bullets on him, he had a previous felony conviction for fleeing and another conviction for two counts of burglary. (Doc. 13-3, pp. 9-10). Rickett acknowledged that he understood his prior convictions were the reason it was illegal for him to possess firearms or ammunition. *Id.* Rickett had pled guilty to those prior felony offenses as well; he was sentenced to concurrent terms of three years in prison with the sentences suspended while he served shock time and probation. (Doc. 13-3, p. 11; Doc. 13-5). Respondent points out that the state court records indicate Rickett was advised he faced a potential

---

[2] Respondent also raises the argument, in order to preserve it, that an inmate who previously challenged his conviction under 28 U.S.C. § 2255 is barred from using the "savings clause" to raise a later challenge under Section 2241. (Doc. 13, pp. 7-15). The Court finds it unnecessary to address the merits of this argument because, as Respondent acknowledges, it is contrary to controlling Seventh Circuit precedent. *Id.* at 15.

maximum sentence of over one year when he pled guilty to those felonies, as required by Missouri law, providing additional evidence he knew of his convicted felon status. (Doc. 13, pp. 21-24). The Seventh Circuit referenced similar state law requirements in guilty plea proceedings to support its conclusion that the defendant could not plausibly argue he was ignorant of his status as a felon who could not legally possess a firearm. *United States v. Payne*, 964 F.3d 652, 656 (7th Cir. 2020).

Additionally, Rickett's Presentencing Report listed each of his previous felonies, and he did not deny having committed those crimes.[3] (Doc. 14-1, pp. 8-11). Indeed, nowhere in Rickett's habeas pleadings does he dispute that he was a convicted felon when he possessed the ammunition. Further, he does not claim that he would not have pled guilty if the *Rehaif* standard had applied to require the Government to prove his knowledge of his convicted felon status.

The Seventh Circuit has made it clear that a person challenging the validity of his/her guilty plea based on *Rehaif* "has the burden to show there is "a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*," *United States v. Dowthard*, 948 F.3d 814, 817-18 (7th Cir. 2020) (quoting *Williams*, 946 F.3d at 973). Like the defendant in *Dowthard*, Rickett has set forth no facts or argument to convince the Court that he did not know he was a convicted felon at the time of the offense or of his plea. Nor has he shown a reasonable probability that he would have chosen to go to trial if the *Rehaif* rule had applied. While Rickett had not previously served a full year in prison for his earlier offenses because his 3-year sentences were suspended, he does not argue that he was unaware those convictions were punishable by more than a year in prison, nor would such a claim be plausible based on the record in this case.

Finally, because Rickett did not raise his argument relating to the ATF forms in his Habeas

---

[3] Rickett's objection to the PSR focused on the counting of two burglaries committed close in time to one another as separate offenses for sentence-enhancement purposes, rather than as a single offense. (Doc. 13-4, pp. 3-7; Doc. 14-1, p. 7, ¶ 26, p. 10, ¶ 36).

Petition and waited to present them until he filed his reply brief, the Court is not required to consider them. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("the district court is entitled to find that an argument raised for the first time in a reply brief is forfeited"). The argument lacks merit in any event. The ATF Form 4473 is a document completed by a firearms dealer and the prospective purchaser to record information about the buyer's ability to legally possess the firearm, as well as information on the buyer and the firearm to facilitate tracing if the gun is involved in a crime. A gun dealer may be subject to sanctions for transferring a firearm based on information in Form 4473 that the dealer knows or has reason to believe is false. *See Shawano Gun & Loan, LLC v. Hughes*, 650 F.3d 1070, 1073 (7th Cir. 2011). ATF Form 6 is the Application and Permit for Importation of Firearms, Ammunition and Implements of War. Neither of these ATF forms is mentioned in the *Rehaif* decision. *Rehaif* and cases applying it leave no doubt that a person's status as a convicted felon may be proven by evidence other than what might appear on one of these ATF forms.

To summarize, Rickett cannot show that his conviction or sentence for being a felon in possession of ammunition represents a "miscarriage of justice" that would entitle him to habeas relief in light of the *Rehaif* opinion.

## Conclusion

Dominic Rickett's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 10) is **DENIED**, and this action is **DISMISSED** with prejudice. His Motion for Immediate Settlement Conference (Doc. 19) and all other pending motions are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Rickett wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for

leave to appeal *in forma pauperis* ("IFP") must set forth the issues Rickett plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Rickett does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Rickett to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  September 28, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**